Andrew Lewinter
OSB # 080031
Andrew Lewinter, Attorney, P.C.
101 E. Broadway, Suite 220
Eugene, OR 97401
Telephone: (541) 686-4900
Facsimile: (541) 686-1300
andrew@lewinterlaw.com

Attorney for Plaintiff Lisa Perkins

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **LEISA PERKINS,** an individual<br><br>Plaintiff<br><br>v.<br><br>**BW PIER POINT INN, LLC,** an Oregon Limited Liability Company, and **DANIEL CORR** and **ELISA CORR**, individually.<br><br>Defendants. | Case No.: 6:16-cv-1476<br><br>**COMPLAINT**<br>(Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2; 29 U.S.C. § 206(d); ORS 659A.030)<br><br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1.

This action is brought on behalf of Plaintiff Leisa Perkins ("Lisa Perkins" or "Ms. Perkins") for sex discrimination in the payment of her wages and benefits in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, The Equal Pay Act, 29 U.S.C. § 206(d), and ORS 659A.030.

2.

This action seeks economic, compensatory, punitive and liquidated damages, attorney's fees, taxable costs of court, and pre- and post-judgment interest for Defendants' willful and discriminatory failure to pay wages to Ms. Perkins.

## JURISDICTION AND VENUE

3.

This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, 28 U.S.C. § 1337, 42 U.S.C. § 2000e-5, and 29 U.S.C. § 216(b).  This Court has supplemental jurisdiction over the state claims under 28 U.S.C. § 1367.

4.

Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this complaint occurred in Lane County, Oregon.

5.

On or about April 4, 2016, Ms. Perkins filed a perfected charge of sex discrimination with the Oregon Bureau of Labor and Industries (BOLI), Case No. EPEMSX160404-50437, and the Equal Employment Opportunity Commission (EEOC), Case No. 38D-2016-00401.  By letter dated June 22, 2016, BOLI provided Ms. Perkins notice of right to file a civil suit in Case No. EPEMSX160404-50437 within 90 calendar days of June 22, 2016.  By Notice dated July 7, 2016, the EEOC gave Ms. Perkins notice of right to sue in Case No. 38D-2016-00401 within 90 calendar days of her receipt of the Notice.  This action has been timely commenced prior to each above-referenced deadlines.

///

///

6.

Costs and reasonable attorney fees may be awarded pursuant to 42 U.S.C. § 2000e-5, 29 U.S.C. § 216(b), Fed. R. Civ. P. 54(d), ORS 652.230 and ORS 659A.885.

## PARTIES

7.

Ms. Perkins was employed by Defendant BW Pier Point Inn, LLC ("BW") from November 2012 until she resigned her position on May 5, 2016. Defendants jointly and severally owe Ms. Perkins unpaid wages, liquidated damages under the Equal Pay Act and compensatory and punitive damages under Title VII of the Civil Rights Act of 1964.

8.

Defendant BW is an Oregon limited liability company doing business in Florence, Oregon. BW owns the establishment where Ms. Perkins and Mr. Jaggard worked, the Best Western Pier Point Inn, a hotel in Florence, Oregon. Defendants Daniel and Elisa Corr manage that Best Western hotel, and made all employment decisions at issue in this case. Defendant BW is an enterprise engaged in commerce or the production of goods for commerce. All Defendants have acted, directly or indirectly, in the interest of an employer with respect to Ms. Perkins.

9.

Defendants Daniel and Elisa Corr are individuals engaged in commerce or the production of goods for commerce. Defendants Daniel and Elisa Corr have acted, directly or indirectly, in the interest of an employer with respect to Ms. Perkins.

///

///

10.

At all relevant times, BW has been a limited liability company continuously doing business in the State of Oregon, and had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year. At all relevant times, BW was an "employer," within the meaning of 42 U.S.C. § 2000e(b).

11.

At all material times, all Defendants have been "employers" within the meaning of the Equal Pay Act, 29 U.S.C. § 203(d). Defendants directly or indirectly acted in the interest of an employer toward Ms. Perkins at all material times, including, without limitation, controlling all of the terms and conditions of her employment at BW.

12.

At all material times, BW was an enterprise within the meaning of 29 U.S.C. § 203(r). BW, Daniel Corr, and Elisa Corr acted as joint employers of Ms. Perkins.

13.

At all material times, Defendant BW was an enterprise in commerce or in the production of goods for commerce, within the meaning of 29 U.S.C. § 203(s)(1) because it had employees engaged in commerce. Based on information and belief, the annual gross sales volume of BW was in excess of $500,000 per annum at all material times. Alternatively, Ms. Perkins worked in interstate commerce so as to fall within the protections of the Equal Pay Act.

14.

All Defendants were joint employers of Ms. Perkins because they (1) had the power to hire and fire the employees, (2) supervised and controlled her work schedule or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment

records. All Defendants are therefore jointly and severally liable to Ms. Perkins for all claims alleged herein.

15.

At all material times, Ms. Perkins was an individual employee engaged in commerce or the production of goods for commerce, within the meaning of 29 U.S.C. § 206.

### **FACTUAL ALLEGATIONS**.

16.

Defendants hired Ms. Perkins to the position of Assistant General Manager of the Best Western Pier Point Inn in November 2012 to act as General Manager, a position previously held by Jim Jaggard.

17.

Although Defendants gave Ms. Perkins the title of Assistant General Manager when they first hired her, she performed the role and responsibilities of General Manager since November 1, 2012. The position of "Assistant General Manager" that Ms. Perkins performed when she was first hired until November 1, 2013 was substantially equal to the position of General Manager Mr. Jaggard had performed.

18.

Defendants officially promoted Ms. Perkins to the position of General Manager on November 1, 2013.

19.

Defendants paid Ms. Perkins $39,504 when she first started in November 2012. They increased her salary to $45,000 in March of 2013. At the time that Defendants officially gave

Ms. Perkins the title of General Manager on November 1, 2013, they increased her salary from $45,000 per year to $50,000 per year. Defendants increased Ms. Perkins' salary to $55,000 on or about March 25, 2014 and $57,000 on or about March 25, 2015. Defendants increased Ms. Perkins' salary to $59,000 on or about March 28, 2016. Ms. Perkins continued to earn $59,000 per year from March 26, 2016 until she resigned on May 5, 2016.

20.

Ms. Perkins' predecessor as General Manager, Jim Jaggard, made an annual salary of $70,000 and received free housing, as Defendants Dan and Elisa Corr, allowed Mr. Jaggard to live in a house they owned. Mr. Jaggard had few responsibilities than Ms. Perkins because she was also responsible for managing the hotel restaurant. Defendants paid him substantially more, however.

## FIRST CLAIM FOR RELIEF

**(Violation of the Equal Pay Act, 29 U.S.C. § 206(d) – Against All Defendants)**

21.

Ms. Perkins re-alleges paragraphs 1-20.

22.

During Ms. Perkins' employment at BW, Defendants paid her at a rate less than the rate at which they paid her predecessor, Mr. Jaggard, for equal work she did as General Manager, the performance of which required equal skill, effort, and responsibility, and which was performed under similar working conditions. Ms. Perkins was paid substantially less than Mr. Jaggard despite that she was responsible for managing the hotel restaurant, a responsibility he did not have.

///

23.

Defendants paid Ms. Perkins discriminatorily for the entire period of her employment, including the period before November 1, 2013 when she was officially given the title of General Manager.  Ms. Perkins performed the duties of General Manager prior to being given that official title, and her work as "Assistant Manager" was performed under similar working conditions and required equal skill, effort, and responsibility as a General Manager.

24.

Defendants repeatedly refused to pay Ms. Perkins an amount equivalent to the amount they had paid Mr. Jaggard, despite Ms. Perkins' requests that they do so.

25.

Defendants' failure to pay Ms. Perkins an amount equal to the amount it paid Mr. Jaggard was unlawful discrimination in violation of the Equal Pay Act, 29 U.S.C. § 206(d).

26.

Ms. Perkins is entitled to recover an amount equal to the difference between her wages and that of Mr. Jaggard for the three-year period prior to the filing of this action in an amount to be proven at trial.

27.

Ms. Perkins is also entitled to recover liquidated damages in an amount equal to the disparity in those wages.

28.

Plaintiff is entitled to reasonable attorney fees and costs, including expert witness fees, pursuant to 29 U.S.C. § 216(b).  Plaintiff is entitled to pre-judgment and post-judgment interest, pursuant to 28 U.S.C. § 1961.

## SECOND CLAIM FOR RELIEF

**(Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2 – Against Defendant BW)**

29.

Ms. Perkins re-alleges paragraphs 1-20.

30.

Defendants discriminated against Ms. Perkins in terms of her compensation because of her sex by paying her substantially less than her male counterpart for work that required equal skill, effort, and responsibility, and which was performed under similar working conditions. Defendants thereby violated 42 U.S.C. 2000e-2(a)(1).

31.

As a direct result of Defendants' discrimination, Ms. Perkins has suffered lost wages and employment benefits in an amount to be proven at trial.

32.

As a direct result of Defendants' discrimination, Ms. Perkins has suffered humiliation and emotional distress. Ms. Perkins is therefore entitled to an award of compensatory damages pursuant to 42 U.S.C. 1981a in an amount to be proven at trial, not to exceed $500,000.

33.

In addition, Defendants' discriminatory acts were willful and intentional, or made with reckless indifference to Ms. Perkins' federally protected rights. Therefore, Defendants should be assessed punitive damages in the amount to be proven at trial, not to exceed $500,000, pursuant to 42 U.S.C. § 1981a.

///

34.

Ms. Perkins is entitled to her costs, disbursements, pre and post-judgment interest, expert witness fees, and reasonable attorney fees incurred herein pursuant to 42 U.S.C. § 2000e-5(k).

## THIRD CLAIM FOR RELIEF

### (ORS 659A.030 – Against Defendant BW)

35.

Ms. Perkins re-alleges paragraphs 1-20.

36.

Defendants discriminated against Ms. Perkins in terms of her compensation because of her sex by paying her substantially less than her male counterpart for work that required equal skill, effort, and responsibility, and which was performed under similar working conditions. Defendants thereby violated ORS 659A.030(1)(b).

37.

As a direct result of Defendants' discrimination, Ms. Perkins has suffered lost wages and employment benefits in an amount to be proven at trial.

38.

As a direct result of Defendants' discrimination, Ms. Perkins has suffered humiliation and emotional distress. Ms. Perkins is therefore entitled to an award of compensatory damages pursuant to ORS 659A.885 in an amount to be proven at trial.

39.

Plaintiff is entitled to attorney fees and costs, including expert witness fees, as well as pre-judgment and post-judgment interest, pursuant to ORS 659A.885.

///

///

## JURY TRIAL REQUESTED

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all issues.

## DEMAND FOR RELIEF

**WHEREFORE**, Ms. Perkins prays for the following relief:

For the First Claim for Relief:

1. For her lost wages and benefits and other monetary losses in an amount to be determined by the jury at the time of trial, along with prejudgment interest thereon;
2. For liquidated damages in an amount equal to her lost wages;
3. For reasonable attorney fees and costs incurred herein; and
4. For such other relief as the Court may deem just and proper.

For the Second and Third Claims for Relief:

1. For her lost wages and benefits and other monetary losses in an amount to be determined by the jury at the time of trial, along with prejudgment interest thereon;
2. For non-economic damages in an amount to be determined by the jury at the time of trial;
3. For punitive damages in an amount to be determined by the jury at the time of trial;
4. For reasonable attorney fees and costs incurred herein; and
5. For such other relief as the Court may deem just and proper.

DATED this July 20, 2016

    s/ *Andrew Lewinter*
    Andrew Lewinter OSB # 080031